IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMERICAN RENOVATION AND CONSTRUCTION CO., ST. PAUL MERCURY INSURANCE COMPANY, AND ST. PAUL FIRE AND MARINE INSURANCE CO., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 06-813C |
| | ) | (Judge Sweeney) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS THE CLAIMS OF ST. PAUL MERCURY INSURANCE COMPANY AND ST. PAUL FIRE AND MARINE INSURANCE COMPANY FOR LACK OF SUBJECT MATTER JURISDICTION

Defendant, the United States, requests that the Court, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), dismiss for lack of subject matter jurisdiction the claims of plaintiffs St. Paul Mercury Insurance Company and St. Paul Fire and Marine Insurance Company (collectively, "the sureties"). Plaintiffs allege that they appeal from a contracting officer's decision that lead plaintiff, American Renovation Company ("ARC"), and, "possibly," the sureties, owe the United States $25,773,662.17 in reprocurement costs associated with the termination of contracts for default. Complaint ("Compl.") ¶¶ 6, 29, 35, 45. The Court, however, does not possess jurisdiction to entertain the claims of the sureties, because plaintiffs do not establish that the sureties were in privity with the United States.

Plaintiffs invoke the Tucker Act and the Contract Disputes Act, 41 U.S.C. § 601, as the sources of this Court's jurisdiction (Compl. ¶ 5), and allege the existence of contracts between the Government and ARC (id. ¶¶ 8-9). Plaintiffs also allege that the sureties provided performance bonds "[i]n conjunction with" those contracts, as sureties. Id. ¶¶ 1 n.1, 10, 44. Plaintiffs do not allege, however, that any contract existed between the sureties and the Government. Nor do they allege that the sureties have paid any money demanded by the Government.

In ruling upon a motion to dismiss for lack of subject matter jurisdiction under RCFC 12(b)(1), the Court accepts as true the undisputed allegations in the complaint, and draws all inferences in favor of the plaintiff. Lavezzo v. United States, 2006 WL 3615061, *5 (Fed. Cl. Dec. 7, 2006) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). To maintain a cause of action pursuant to the Tucker Act that is based upon a contract, the contract must be between the plaintiff and the Government. Ransom v. United States, 900 F.2d 242, 244 (Fed. Cir. 1990). A finding of privity between the plaintiff and the Government is a jurisdictional prerequisite for a contract claim because the Government consents to be sued only by those with whom it has privity of contract. Cent. Transp. Int'l, Inc. v. United States, 63 Fed. Cl. 336, 338 (2004).

A Government demand that a surety pay reprocurement costs associated with the termination of a contract for which the surety provided bonds does not provide the Court jurisdiction to entertain the surety's challenge to that demand. See Fid. & Deposit Co. of Md. v. United States, 31 Fed. Cl. 540, 543 (1994). Rather, the surety may challenge the Government's demand for payment only after it has met the Government's demand. Id.

Although plaintiffs allege the existence of a contract between ARC and the Government, they do not allege the existence of a contract between the Government and the sureties. Nor do plaintiffs allege that the sureties have met the Government's demand for payment. Consequently, plaintiffs do not establish privity of contract between the sureties and the Government. Because plaintiffs do not establish privity of contract between the sureties and the Government, the Court does not possess jurisdiction to entertain the claims of the sureties.

For the foregoing reasons, we request that the Court dismiss the claims of St. Paul Mercury Insurance Company and St. Paul Fire and Marine Insurance Company for lack of subject matter jurisdiction.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-0342
Facsimile: (202) 514-7965

January 22, 2007

Attorneys for Defendant

Certificate of Filing

I hereby certify that on January 22, 2007, a copy of the foregoing Defendant's Motion To Dismiss The Claims Of St. Paul Mercury Insurance Company And St. Paul Fire And Marine Insurance Company For Lack of Subject Matter Jurisdiction was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail