IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| AMERICAN RENOVATION AND CONSTRUCTION CO., ST. PAUL MERCURY INSURANCE COMPANY, AND ST. PAUL FIRE AND MARINE INSURANCE CO., | |
| Plaintiffs, | No. 06-813C |
| v. | (Judge Sweeney) |
| THE UNITED STATES, | |
| Defendant. | |

DEFENDANT'S MOTION TO TRANSFER CLAIMS OF
AMERICAN RENOVATION AND CONSTRUCTION COMPANY
TO THE ARMED SERVICES BOARD OF CONTRACT APPEALS

Defendant, the United States, requests that the Court, pursuant to 41 U.S.C. § 609(d), transfer the claims of plaintiff American Renovation Company ("ARC") to the Armed Services Board of Contract Appeals ("ASBCA").[1] ARC invokes the Tucker Act, 28 U.S.C. § 1491, and the Contract Disputes Act ("CDA"), 41 U.S.C. § 601, as the sources of this Court's jurisdiction. Complaint ("Compl.") ¶ 5.

Pursuant to the CDA, if two suits arising from one contract are filed in this Court and an agency board, for the convenience of parties or witnesses or in the interest of justice, the Court may transfer the suit in this Court to the agency board. See 41 U.S.C. § 609(d). In considering a motion pursuant to section

[1] We have, separately, requested that the Court dismiss the claims of plaintiffs St. Paul Mercury Insurance Company and St. Paul Fire and Marine Insurance Company for lack of subject matter jurisdiction.

609(d), the Court considers such factors as whether the issues arise from the same contract; whether the issues overlap or are duplicative; the forum in which the plaintiff initially filed or appealed its claims; whether either forum has made significant progress in rendering judgment on any claim; how resolution of the matters in separate fora would affect the parties', board's, or Court's resources; and whether inconsistent results are likely to arise from actions in separate proceedings. See Rockwell Automation, Inc. v. United States, 70 Fed. Cl. 114, 126 (2006). Even where the claims in both cases are not identical, where they involve substantially related issues, they should be decided by one tribunal. See Multi-Roof Sys. Co., Inc. v. United States, 5 Cl. Ct. 245, 248 (1984).

Here, all of these factors weigh in favor of transfer of ARC's claims in this case to the ASBCA. ARC challenges the Government's demand for reprocurement costs associated with the termination of two contracts for default. See Compl. ¶ 6. As a component of that challenge, ARC challenges the propriety of the default terminations themselves. Id. ¶¶ 21-27, 56-59. ARC, however, has already challenged the propriety of those terminations before the ASBCA, and indicates that the issue has already been litigated, and is only awaiting a decision by the ASBCA. See id. ¶ 28-30.

The issues that ARC brings to this Court, therefore, arise from the same contracts as the issues before the ASBCA. To the extent that ARC challenges propriety of the default terminations, this case presents issues that are duplicative of issues before the ASBCA. To the extent that this case involves the propriety of the amount of reprocurement costs demanded by the Government (an issue not brought before the ASBCA) regardless of the propriety of the default terminations, that issue is substantially related to the issues before the ASBCA. Indeed, ARC alleges that if the default terminations are found to be improper, it "would not be liable for any re-procurement damages." See Compl. ¶ 33.

Furthermore, ARC initially challenged the propriety of the default terminations before the ASBCA, which has already heard those challenges, and, presumably, has only to render a decision. This Court, by contrast, has not yet had to address any of the issues in this case; indeed, an answer has not yet been filed in this case and, although we have filed a motion to dismiss the claims of two of the plaintiffs, plaintiffs have not yet responded to that motion.

For the foregoing reasons, we request that the Court transfer ARC's claims to the ASBCA.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Donald E. Kinner
by s/Brian M. Simkin
DONALD E. KINNER
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-0342
Facsimile: (202) 514-7965

January 22, 2007

Attorneys for Defendant

Certificate of Filing

I hereby certify that on January 22, 2007, a copy of the foregoing Defendant's Motion to Transfer Claims Of American Renovation and Construction Company To The Armed Services Board Of Contract Appeals was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail