IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMERICAN RENOVATION AND CONSTRUCTION CO., ST. PAUL MERCURY INSURANCE COMPANY, AND ST. PAUL FIRE AND MARINE INSURANCE CO., | ) | |
| Plaintiffs, | ) | |
| | ) | No. 06-813C |
| v. | ) | |
| | ) | (Judge Sweeney) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER CLAIMS OF AMERICAN RENOVATION AND CONSTRUCTION COMPANY TO THE ARMED SERVICES BOARD OF CONTRACT APPEALS

Defendant, the United States, replies to the opposition of plaintiff American Renovation Company ("ARC") to our request that the Court transfer ARC's claims to the Armed Services Board of Contract Appeals ("ASBCA") pursuant to 41 U.S.C. § 609(d). In our motion, we demonstrated that all of the factors that the Court considers in adjudicating a section 609(d) motion weigh in favor of transfer of ARC's claims in this case to the ASBCA. ARC's arguments do not demonstrate otherwise.

First, it is not dispositive that ARC opposes transfer: the Court may transfer a case to the ASBCA for the convenience of parties or witnesses or in the interest of justice, even over a plaintiff's objection. See 41 U.S.C. § 609(d); Multi-Roof Sys. Co., Inc. v. United States, 5 Cl. Ct. 245, 247-48 (1984).

Second, contrary to ARC's arguments, this case does involve issues that are pending before the ASBCA. ARC challenges the

same contract terminations that it has challenged before the ASBCA, and seeks breach damages from this Court for those terminations, including attorneys' fees and consulting fees. See Complaint ("Compl.") ¶¶ 21-30, 56-59. Moreover, ARC does not state that it will not, in this case, challenge the reprocurement costs upon the ground that the contract terminations were improper, or upon other grounds that have been addressed in litigation before the ASBCA, such that the issues in the two cases will not overlap. Indeed, the complaint at least implies that those issues will overlap. See id. at ¶ 68(d). In that sense, this case is like the part of Marshall Associated Contractors, Inc. v. United States, 31 Fed. Cl. 809, 812, 815-16 (1994), that plaintiffs do not rely upon, in which the Court transferred to an agency board a count of a complaint challenging the termination of a contract for default, where the plaintiff had already challenged that termination before the agency board.

Third, that the ASBCA has tried but not yet ruled upon ARC's case does not make transfer to the ASBCA "undesirable." In Multi-Roof, 5 Cl. Ct. at 247, in which the court transferred claims to the ASBCA, the case before the agency board had also been tried, and was awaiting a decision. Contrary to ARC's argument, the complete trial of the underlying issues upon which the reprocurement damages challenged in this case are based makes consolidation of this case at the ASBCA correct. Indeed,

plaintiffs have requested that the Court stay this case until the ASBCA issues a decision; a request that we oppose. ARC's position, therefore, is that this case should not continue in this Court until the ASBCA rules upon the propriety of the underlying contract terminations.

Thus, ARC in effect asks this Court to fill its docket with a dormant case and then, later, retry many aspects of the litigation conducted before the ASBCA or, at least, engage in an analysis of that litigation to determine which issues are precluded by the doctrines of res judicata or collateral estoppel. When challenging the amount of reprocurement costs assessed here, ARC will necessarily have to re-litigate the nature of the work, the performance of that work, and the associated costs, to demonstrate that the assessment of reprocurement costs is "excessive." See Compl. ¶¶ 35-41. Indeed, ARC specifically seeks to relitigate its suggested changes to, and the scope of, the contracts. Id. ¶¶ 38-39. Contrary to ARC's characterization, these are some of the issues that occurred prior to termination of the contracts, which overlap with the prior litigation before the ASBCA. Moreover, ARC's request for breach damages allegedly arising from the contract terminations is, apparently, independent of the relief sought before the ASBCA. Compare id. ¶ 29 with id. ¶ 59. Therefore, the request that this Court hold this case in abeyance

and the necessity to relitigate issues heard by the ASBCA make consolidation at the ASBCA entirely desirable.

Fourth, whether transfer is in the convenience of the parties is not limited to the geographic distance between the Court and the ASBCA. For one thing, different agencies represent the United States before this Court and the ASBCA; it would be a poor use of both parties' time and resources for a new agency to familiarize itself with the issues arising from the performance of the contracts in question in this case. Cf. Multi-Roof, 5 Cl. Ct. at 248 (holding that, where different attorneys represent the United States before this Court and the ASBCA, it would be a waste of both parties' time for new defense attorneys to familiarize themselves with the suit). Retaining ARC's case before this Court would also squander judicial resources when the predicate issues for ARC's reprocurement costs challenge have been thoroughly litigated in another forum. Further, as noted above, plaintiffs' request for a stay is a request that case simply occupy space on this Court's docket until the ASBCA rules. Nothing about ARC's desire to reach this Court can justify this level of inconvenience to the parties and the Court.

For the foregoing reasons and those set forth in our motion, we request that the Court transfer ARC's claims to the ASBCA.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Acting Director

s/Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-0342
Facsimile: (202) 514-7965

February 22, 2007

Attorneys for Defendant

Certificate of Filing

I hereby certify that on February 22, 2007, a copy of the foregoing Defendant’s Reply To Plaintiffs’ Opposition To Defendant’s Motion To Transfer Claims Of American Renovation And Construction Company To The Armed Services Board Of Contract Appeals was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court’s electronic filing system. Parties may access this filing through the Court’s system.

s/Timothy P. McIlmail