No. 06-813C
(Judge Sweeney)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

AMERICAN RENOVATION AND CONSTRUCTION COMPANY, ST. PAUL MERCURY INSURANCE COMPANY, AND ST. PAUL FIRE AND MARINE INSURANCE COMPANY,

Plaintiffs,

v.

THE UNITED STATES OF AMERICA,

Defendant.

---

**PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS THE CLAIMS OF ST. PAUL MERCURY INSURANCE COMPANY AND ST. PAUL FIRE AND MARINE INSURANCE COMPANY FOR LACK OF SUBJECT MATTER JURISDICTION**

---

Edward J. Parrott, Esquire
WATT, TIEDER, HOFFAR
& FITZGERALD, L.L.P.
8405 Greensboro Drive
Suite 100
McLean, VA 22102

Attorney for Plaintiffs

February 22, 2007

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................... ii

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS THE CLAIMS OF ST. PAUL MERCURY INSURANCE COMPANY AND ST. PAUL FIRE AND MARINE INSURANCE COMPANY FOR LACK OF SUBJECT MATTER JURISDICTION........................................................................................ 1

PLAINTIFFS' BRIEF ........................................................................................ 2

INTRODUCTION ........................................................................................ 2

ARGUMENT ........................................................................................ 3

A. Equitable Principles Compel a Finding of Subject Matter Jurisdiction......... 3

B. Legal Principles Compel a Finding of Subject Matter Jurisdiction ............... 6

REQUEST FOR ORAL ARGUMENT ....................................................................... 8

CONCLUSION ........................................................................................ 8

# TABLE OF AUTHORITIES

## CASES

Cosmic Constr. Co. v. United States, 697 F.2d 1389 (Fed. Cir. 1982)................................4

Fidelity & Deposit Co. of Maryland v. United States, 31 Fed. Cl. 540 (1994)...................5

Fireman's Fund Ins. Co. v. England, 313 F.3d 1344, 1351 (Fed. Cir. 2002)......................3

Fireman's Fund Ins. Co. v. United States, 190 Ct.Cl. 804, 421 F.2d 706, 708 (1970)........7

First Hartford Corp. Pension Plan & Trust v. United States, 194 F.3d 1279 (Fed. Cir. 2000)..................................................................................................................3

Nat'l Sur. Corp. v. United States, 118 F.3d 1542 (Fed. Cir. 1997)....................................4

Pearlman v. Reliance Ins. Co., 371 U.S. 132, 136 (1962)..........................................4, 6, 7

Travelers Indem. Co. v. United States, 72 Fed.Cl. 56 (2006)........................................6, 7

United States Fidelity & Guaranty Co. v. United States, 201 Ct.Cl. 1, 475 F.2d 1377 (1973)..................................................................................................................7

## STATUTES, RULES AND REGULATIONS

28 U.S.C. § 1491 ...................................................................................................2, 3

41 U.S.C. § 601 et seq. ..................................................................................................2

41 U.S.C. § 605(b)..........................................................................................................4

U.S. CONST. amend. V....................................................................................................5

RCFC 12 .........................................................................................................................1

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| AMERICAN RENOVATION AND CONSTRUCTION COMPANY, ST. PAUL MERCURY INSURANCE COMPANY, AND ST. PAUL FIRE AND MARINE INSURANCE COMPANY, | ) | |
| **Plaintiffs,** | ) | **No. 06-813C** |
| **v.** | ) | **(Judge Sweeney)** |
| THE UNITED STATES, | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS THE CLAIMS OF ST. PAUL MERCURY INSURANCE COMPANY AND ST. PAUL FIRE AND MARINE INSURANCE COMPANY FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiffs, American Renovation and Construction Company ("ARC"), St. Paul Mercury Insurance Company, and St. Paul Fire and Marine Insurance Company (hereinafter collectively referred to as the "St. Paul Sureties"), by counsel, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims, submit this opposition to Defendant's motion to dismiss the claims of the St. Paul Sureties for lack of subject matter jurisdiction. As set forth below, both equitable and legal principles compel a finding of subject matter jurisdiction in this case. As such, Plaintiffs respectfully request that this Honorable Court deny Defendant's motion. In support of its opposition, Plaintiffs rely upon the pleadings, the following Brief, and the Affidavit of Marc Brown, attached hereto.

## PLAINTIFFS' BRIEF

### I. INTRODUCTION

On November 30, 2006, ARC and the St. Paul Sureties initiated this action pursuant to the Tucker Act, 28 U.S.C. § 1491 and the Contract Disputes Act, 41 U.S.C. § 601 et seq. Plaintiffs were appealing a December 1, 2005 Contracting Officer's Final Decision ("Final Decision") assessing excess reprocurement costs of over $25,000,000. The excess reprocurement costs allegedly arise from the Government's default termination of Plaintiff ARC on two construction contracts, contracts M-2 and M-3. The St. Paul Sureties provided both performance and payment bonds for these contracts.[1] The St. Paul Sureties have not paid out on any claim for excess reprocurement costs on the M-2 and M-3 contracts, because the St. Paul Sureties do not believe that they are contractually obligated to do so. As instructed by the Final Decision, Plaintiffs brought the instant appeal to this Court. As outlined in Plaintiffs' Complaint, Plaintiffs appeal the Government's assessment of reprocurement costs as premature, excessive and unrealized. The St. Paul Sureties additionally seek a declaratory judgment from this Court establishing that the Sureties are entitled to a *pro tanto* discharge from their performance bond obligations.

On January 22, 2007, the Government filed a motion to dismiss the St. Paul Sureties' claims, asserting a lack of subject matter jurisdiction ("Motion to Dismiss"). The Government asserts that the Sureties are not in privity of contract with the Government and, therefore, this Court "does not possess jurisdiction to entertain the claims of the sureties."[2]

---

[1] As detailed herein, the St. Paul Sureties have satisfied all valid payment bond claims arising out of these contracts. See Affidavit of Marc Brown, ¶4, attached hereto.

[2] The Government's position in this matter is drastically undercut by the Government's December 1, 2005 Contracting Officer's Final Decision, which concludes, "you may bring an action directly in the United States Court of Federal Claims…within 12 months of the date you receive this decision."

## II. ARGUMENT

As established below, both equitable and legal principles establish subject matter jurisdiction for the St. Paul Sureties' claims in this case. Each of these arguments is discussed in detail below.

### A. Equitable Principles Compel a Finding of Subject Matter Jurisdiction

The Tucker Act, Section 28 U.S.C. §1491, provides the Court of Federal Claims with jurisdiction to entertain certain claims against the Government. In order to bring a contract-related claim against the Government, Section 1491 requires the claimant to have either an express or implied contract with the Government. This is referred to as the "privity of contract" requirement. Despite Section 1491's language, courts have fashioned at least one exception to this privity requirement, based on principles of equity. As explained below, equitable considerations in this case compel a finding of subject matter jurisdiction for the St. Paul Sureties' claims.

#### 1. Relevance of Equitable Considerations

Courts have relied on principles of equity in fashioning exceptions to the requirement that contractors must be in privity of contract with the Government in order to make a claim against the Government. The most common of these exceptions is the doctrine of equitable subrogation. This doctrine, which allows equitably subrogated sureties to sue the Government, is a non-contractual doctrine. Fireman's Fund Ins. Co. v. England, 313 F.3d 1344, 1351 (Fed. Cir. 2002). Courts do not consider equitably subrogated sureties to be in privity of contract with the Government. First Hartford Corp. Pension Plan & Trust v. United States, 194 F.3d 1279 (Fed. Cir. 2000). The Supreme Court has described the doctrine of equitable subrogation as "not

founded on contract. It is a creature of equity…enforced solely for the purpose of accomplishing the ends of substantial justice…and is independent of any contractual relations between the parties." Pearlman v. Reliance Ins. Co., 371 U.S. 132, 136 (1962); see also Nat'l Sur. Corp. v. United States, 118 F.3d 1542 (Fed. Cir. 1997) ("[s]ubrogation is governed by equitable principles rather than by strict rules of law"). In this case, the following equitable considerations establish subject matter jurisdiction.

**2. Equitable Considerations in this Case**

Principles of equity weigh strongly in favor of finding jurisdiction for the St. Paul Sureties' claims. The single most important equitable consideration weighing in favor of a finding of subject matter jurisdiction is that, absent the opportunity to challenge the Government's $25,773,662 reprocurement assessment in this Court, the St. Paul Sureties may never have that opportunity, because of the purported finality of the Government's December 1, 2005 Final Decision.

The Final Decision, addressed to ARC and St. Paul Travelers,[3] requires those parties to appeal to either the Armed Services Board of Contract Appeals ("ASBCA") within 90 days or to the Court of Federal Claims within one year. The Contract Disputes Act ("CDA") provides that a "contracting officer's decision on the claim shall be final and conclusive and not subject to review by any forum, tribunal, or Government agency unless an appeal or suit is timely commenced." 41 U.S.C. § 605(b). Pursuant to this language, Courts and boards of contract appeals have consistently precluded contractors from bringing claims beyond the 90-day or one-year time requirements. See e.g., Cosmic Constr. Co. v. United States, 697 F.2d 1389 (Fed. Cir.

[3] The Final Decision is not addressed to St. Paul Mercury Insurance Company or St. Paul Fire and Marine Insurance Company, the bonding companies for the M-2 and M-3 Contracts, but rather to St. Paul Travelers, a separate entity. However, because the Government improperly demanded payment from St. Paul Travelers as the Surety for ARC in the Final Decision, in the event that ARC could not pay, St. Paul Fire and Marine Insurance Company and St. Paul Mercury Insurance Company also appealed as the actual sureties on the M-2 and M-3 Contracts.

1982). Moreover, Court of Federal Claims caselaw suggests that, in addition to contractors, these time restrictions may also apply to sureties. See Fidelity & Deposit Co. of Maryland v. United States, 31 Fed. Cl. 540 (1994). In Fidelity & Deposit Co., the Government issued a final decision against a surety that had neither taken over the project nor paid out any funds under its performance bond. The final decision instructed the surety that it could appeal the decision to the Court of Federal Claims. The surety attempted to appeal the decision to the Court of Federal Claims, but the court dismissed the surety's claims for lack of jurisdiction. The court held that the part of the Government's final decision instructing the surety that it could appeal to the Court of Federal Claims was error. However, the Court also held that the final decision was otherwise valid:

> The invalidity of the contracting officer's decision extends to its assertion regarding the availability of relief before this court or the contract board pursuant to the Contract Disputes Act. As a demand for the payment of excess reprocurement costs, however, the decision represents a legitimate and enforceable exercise of administrative authority.

Id. at 543, n.2. This language suggests that sureties could be bound by a final decision's time restrictions, despite the fact that the sureties cannot appeal the final decision to the designated courts for lack of subject matter jurisdiction. This cannot possibly be the intended result.

Therefore, absent a finding by this Court of subject matter jurisdiction under the Tucker Act, the St. Paul Sureties may never have the opportunity to challenge the Government's $25,773,622 assessment of reprocurement costs. Such a deprivation would violate the St. Paul Sureties' due process rights, because the Government will have the ability to deprive the St. Paul Sureties of their property without due process of law. U.S. CONST. amend. V. The mere risk of such a deprivation constitutes an equitable consideration similar to those considerations enabling equitably subrogated sureties to sue the Government.

It is important to understand why the St. Paul Sureties have not paid any claim for excess reprocurement costs. First, the Sureties do not believe that the Government properly terminated the M-2 and M-3 contracts for default. Equally important, the Government has not yet expended the vast majority of its alleged reprocurement costs. The Government has merely estimated these costs, but not yet incurred them. The law is clear that the Government may not assess reprocurement costs before actually incurring those costs. Finally, the St. Paul Sureties strongly believe that they have an absolute defense to the reprocurement cost assessment based on the doctrine of *pro tanto* discharge. In sum, the St. Paul Sureties have numerous and compelling reasons to believe that they do not currently, nor will they ever, owe reprocurement costs to the Government. It is unreasonable to expect a surety to pay a reprocurement cost assessment of only hypothetical costs, from which the surety believes it is wholly discharged, merely to establish subject matter jurisdiction. This is particularly so in this case, where the December 1, 2005 Final Decision instructed the St. Paul Sureties that (i) they may challenge the assessment in this Court and (ii) they had a year to do so.

**B. Legal Principles Compel a Finding of Subject Matter Jurisdiction**

Because the St. Paul Sureties have satisfied all valid payment bond claims arising out of the M-2 and M-3 contracts, they have already "stepped into the shoes of" ARC and may assert claims against the Government. A surety may bring a claim against the Government by invoking "the doctrine of equitable subrogation to step into the shoes of the contractor for the purpose of satisfying the jurisdictional requirements of the Tucker Act." See Travelers Indem. Co. v. United States, 72 Fed.Cl. 56 (2006). Courts have allowed payment-bond sureties that have satisfied payment bond claims to bring claims directly against the Government. See Pearlman v. Reliance Ins. Co., 371 U.S. 132, 133 (1962) (holding that a surety has a right to subrogation in a

retained fund "whether its bond be for performance or payment"); Travelers Indem. v. United States, 72 Fed.Cl. 56, 66 (2006) ("a payment-bond surety may be equitably subrogated to the rights of a government contractor."); United States Fidelity & Guaranty Co. v. United States, 201 Ct.Cl. 1, 475 F.2d 1377 (1973) (en banc) (stating that a payment-bond surety is "entitled to the benefit of all the rights of the laborers and materialmen whose claims it paid and those of the contractor whose debts it paid. The surety then is subrogated to the rights of the contractor who could sue the Government since it was in privity of contract with the United States.") (emphasis added) (citing Pearlman, 371 U.S. 132); Fireman's Fund Ins. Co. v. United States, 190 Ct.Cl. 804, 421 F.2d 706, 708 (1970) ("it is clear that [a surety's] rights of subrogation and property interest in the final contract payment exist when the surety is called upon to pay a materialman to the same extent as when it is required to complete the contract.") (citing Pearlman, 371 U.S. 132).[4]

These courts consider such sureties to be equitably subrogated to the prime contractor's rights, even if the sureties have not satisfied any applicable performance bond obligations. See Travelers, 72 Fed.Cl. 56, 63-64, 66 (rejecting the Government's argument that "because [the surety] acted only under the payment bond [and not the performance bond], it is subrogated only to the equitable rights of the subcontractors and suppliers, who were never in privity with the Government…."). In this case, the St. Paul Sureties have satisfied and settled all valid payment bond claims arising out of the M-2 and M-3 contracts. See Affidavit of Marc Brown, ¶4, attached hereto. As such, the Sureties have "stepped into the shoes of" ARC. In other words, the

[4] Plaintiffs acknowledge that these cases generally hold that a surety is subrogated to the equitable rights of a contractor for an "amount equal to the damages [the surety] suffered with respect to the payment bond" and that the St. Paul Sureties are not seeking payment-bond-related damages. However, these cases also support the proposition that an equitably subrogated payment-bond surety may assert non-payment-bond-related claims (including a *pro tanto* discharge claim) against the Government. These cases generally stand for the proposition of conferring party-based jurisdiction, rather than claim-based jurisdiction only.

St. Paul Sureties have the status of ARC for the jurisdictional purposes of the Tucker Act. With that status, the St. Paul Sureties may properly challenge the Government's reprocurement cost assessment before this Court.

## III. REQUEST FOR ORAL ARGUMENT

Plaintiffs respectfully request to be heard in oral argument on their Opposition to the Government's Motion to Dismiss.

## IV. CONCLUSION

Both equitable and legal principles compel a finding of subject matter jurisdiction in this case. The St. Paul Sureties seek only to appeal a decision which was directed to them and which instructed them to appeal to this Court. Absent a finding of subject matter jurisdiction by this Court, the Sureties may never have an opportunity to defend themselves against the Government's reprocurement cost assessment. Moreover, legal principles establish that the St. Paul sureties have already "stepped into the shoes of" ARC, and therefore have satisfied the Tucker Act's jurisdictional requirements for asserting claims against the Government.

Respectfully submitted,

*/s Edward J. Parrott*
WATT, TIEDER, HOFFAR
& FITZGERALD, L.L.P.
8405 Greensboro Drive
Suite 100
McLean, VA 22102
(703) 749-1000

Attorney for Plaintiffs

February 22, 2007

CERTIFICATE OF FILING

I hereby certify that on this 22nd day of February 2007, a copy of PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS THE CLAIMS OF ST. PAUL MERCURY INSURANCE COMPANY AND ST. PAUL FIRE AND MARINE INSURANCE COMPANY FOR LACK OF SUBJECT MATTER JURISDICTION was electronically filed. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s Edward J. Parrott