IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMERICAN RENOVATION AND CONSTRUCTION CO., ST. PAUL MERCURY INSURANCE COMPANY, AND ST. PAUL FIRE AND MARINE INSURANCE CO., | ) | |
| Plaintiffs, | ) | No. 06-813C |
| v. | ) | (Judge Sweeney) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE CLAIMS OF ST. PAUL MERCURY INSURANCE COMPANY AND ST. PAUL FIRE AND MARINE INSURANCE COMPANY FOR LACK OF SUBJECT MATTER JURISDICTION

Defendant, the United States, respectfully replies to plaintiffs' opposition to our motion to dismiss the claims of plaintiffs St. Paul Mercury Insurance Company and St. Paul Fire and Marine Insurance Company (collectively, "the sureties"). Plaintiffs admit that the sureties were not in privity with the United States. Rather, plaintiffs attempt to establish this Court's jurisdiction to entertain the sureties' claims pursuant to what plaintiffs characterize as equitable and legal principles. The Court should reject those arguments and dismiss the sureties' claims, for three reasons.

First, plaintiffs' argument effectively concedes that, in its current posture, there is no "case or controversy" between the United States and the sureties. Under Article III of the United States Constitution, the power of the judiciary "extends only to cases or controversies." Powell v. McCormack, 395 U.S.

486, 496 n.7 (1969); see U.S. Const. art. III. Although the Court was established under Article I of the Constitution, the Court traditionally has applied the case or controversy requirement of Article III unless jurisdiction conferred by Congress demands otherwise. Ryan v. United States, 71 Fed. Cl. 740, 742 (2006). Although plaintiffs argue that, for equitable reasons, the Court should entertain their appeal from a contracting officer's decision, they admit that the decision is not addressed to them (Plaintiffs' Opposition To Motion To Dismiss The Claims Of St. Paul Mercury Insurance Company And St. Paul Fire And Marine Insurance Company For Lack of Subject Matter Jurisdiction. ("Pl. Opp.") at 4 n.3), and allege that the decision "does not apply" to them. Complaint at 2 n.1. Consequently, plaintiffs effectively concede that this case currently presents no case or controversy between the United States and the sureties over which the Court can exercise jurisdiction.

Second, plaintiffs erroneously invoke (Pl. Opp. at 2, 4) the Contract Disputes Act ("CDA"), 41 U.S.C. § 601, et seq., as the source of the Court's jurisdiction to entertain the claims of the sureties. A surety does not possess standing pursuant to the CDA to appeal from a contractor's final decision unless the surety enters into a takeover agreement or other contract with the Government, even if the contracting officer's decision references

the possibility that the Government might, in the future, seek payment from the surety. See Nova Cas. Co. v. United States, 69 Fed. Cl. 284, 290 & n.5 (2006). Plaintiffs do not allege that the sureties have entered into any takeover agreement or other contract with the Government.

Third, plaintiffs erroneously invoke (Pl. Opp. at 2, 5-6) the Tucker Act, 28 U.S.C. § 1491, as the source of the Court's jurisdiction to entertain the sureties' claims. Plaintiffs are incorrect that unless the Court exercises jurisdiction over the sureties claims, the sureties will not be able to challenge the assessment of reprocurement costs. The sureties may challenge that assessment in this Court if they pay those costs. If the sureties pay the reprocurement costs, they will have "stepped into the shoes" of American Renovation and Construction Co. ("ARC") with respect to those costs. Having stepped into the shoes of ARC, the sureties will have become equitably subrogated to ARC's defenses against that assessment in order to be able to challenge that assessment pursuant to the Tucker Act in this Court. See Ins. Co. of the West v. United States, 243 F.3d 1367, 1375 (Fed. Cir. 2001); Fid. & Deposit Co. of Md. v. United States, 31 Fed. Cl. 540, 543 (1994); see also Pearlman v. Reliance Ins. Co., 371 U.S. 132, 136-37 (1962) ("probably there are few doctrines better established than that a surety who pays the debt of another is entitled to all the rights of the

person he paid to enforce his right to be reimbursed"). Absent that, they may be able challenge that assessment in a district court action commenced by the Government to recover that assessment. See United States v. Glens Falls Ins. Co., 534 F. Supp. 109, 111 (E.D.N.Y. 1981).

Plaintiffs do not allege that the sureties have paid any debt of American Renovation and Construction Co. for which the sureties now seek reimbursement. (Although plaintiffs claim that the sureties "have satisfied and settled all valid payment bond claims" (Pl. Opp. at 7), they do not allege that the sureties are seeking reimbursement for payment on those claims; indeed, they indicate in their reply on their motion to stay this case (Plaintiffs' Reply To Defendant's Opposition To Plaintiffs' Motion To Stay This Matter, Mar. 1, 2007 at 2) that they do not, in this case, seek any money from the United States.) Consequently, despite what the contracting officer might have demanded of the sureties, and despite what notice of appeal rights the contracting officer might have provided, the assessment of reprocurement costs is, currently, a matter solely between the Government and ARC. See Fid. & Deposit, 31 Fed. Cl. at 543. Plaintiffs have, therefore, not established that this Court possesses jurisdiction to entertain the sureties' claims.

For the foregoing reasons and those set forth in our motion, we request that the Court dismiss the claims of St. Paul Mercury

Insurance Company and St. Paul Fire and Marine Insurance Company for lack of subject matter jurisdiction.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-0342
Facsimile: (202) 514-7965

March 8, 2007

Attorneys for Defendant

Certificate of Filing

I hereby certify that on March 8, 2007, a copy of the foregoing Defendant’s Reply To Plaintiffs’ Opposition To Defendant’s Motion To Dismiss The Claims Of St. Paul Mercury Insurance Company And St. Paul Fire And Marine Insurance Company For Lack of Subject Matter Jurisdiction was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail