**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **AMERICAN RENOVATION AND CONSTRUCTION COMPANY**<br><br>**46 Berner St.**<br>**Mammoth Lakes, CA 93546**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES OF AMERICA,**<br><br>**Defendant.** | ) | **Case No. 06-813 C**<br>**(Judge Margaret M. Sweeney)** |

**FIRST AMENDED COMPLAINT**

COMES NOW, Plaintiff, American Renovation and Construction Company ("ARC"), by counsel, and for its First Amended Complaint against the United States of America, and for its appeal of the Contracting Officer's Final Decision dated December 1, 2005, for Contract Nos. F41622-97-C-0022 and F41622-97-C-0011 ("Final Decision") alleges as follows:

## I. APPEAL

1. This Complaint constitutes ARC's Appeal of the above referenced Contracting Officer's Final Decision. ARC hereby appeals each and every conclusion of law and finding of fact contained therein, express, implied and/or otherwise inferred.

## II. THE PARTIES

2. ARC is a California corporation that is generally engaged in the business of construction contracting throughout the United States of America.

3. The Defendant is the United States of America (the "Government").

## III. JURISDICTION

4. This Court has jurisdiction over the subject matter of this action pursuant to the Tucker Act, 28 U.S.C. § 1491 and the Contract Disputes Act 41 U.S.C. § 601, et seq.

5. This Complaint constitutes a timely appeal from the Government's Final Decision, dated December 1, 2005, which was received by the letter addressee, Watt, Tieder, Hoffar & Fitzgerald, LLP on December 12, 2005, pursuant to Contract Nos. F41622-97-C-0022 and F41622-98-C-0011 (see Exhibit A). In the Final Decision, the Government contends that ARC is indebted to the Government in the amount of $25,773,662.17 for alleged re-procurement and other costs associated with a default termination of ARC.

6. In accordance with 41 U.S.C. § 609, ARC filed its original complaint within twelve (12) months of receipt of the Contracting Officer's Final Decision.

7. This First Amended Complaint is filed pursuant to Judge Sweeney's Order dated June 5, 2007, as well as RCFC 15(a).

## IV. BACKGROUND FACTS AND LITIGATION HISTORY

### A. The Contracts

8. On September 27, 1997, the Government awarded ARC Contract No. F41622-97-C-0022 (the "M-2 Contract") for the construction of 122 units of new military family housing at Malmstrom AFB, Montana. The contract price was $14,359,380.

9. On March 27, 1998, the Government awarded ARC Contract No. F41622-98-C-0011 (the "M-3 Contract") for the construction of 72 units of new military family

housing at Malmstrom AFB, Montana. The contract price was $11,627,000. The M-2 and M-3 Contracts are hereinafter referred to as the "Contracts".

**B. Performance**

10. ARC began construction in earnest of the M-2 Contract in late May 1998.

11. ARC completed its entire scope of work under the M-2 Contract on October 29, 1999.

12. ARC began construction in earnest of the M-3 Contract in July 1999.

13. ARC completed its entire scope of work under the M-3 Contract on November 21, 2000.

**C. Government Acceptance**

14. ARC turned the M-2 housing units over to the Government on July 30, 1999, August 30, 1999, September 30, 1999, and October 29, 1999. The Government accepted the housing units and common areas as full and complete on each turnover date.

15. ARC turned the M-3 housing units over to the Government on September 28, 2000, October 10, 2000, October 12, 2000, November 7, 2000, and November 21, 2000. The Government accepted the housing units and common areas as full and complete on each turnover date.

16. Upon information and belief, the Government has occupied the accepted M-2 and M-3 housing units and common areas from the dates of acceptance to the present.

**D The Government's Purported Revocations of Acceptance and Default Terminations**

17. Pursuant to its December 19, 2001 Final Decision, the Government purported to revoke its acceptance of the M-2 Contract and default terminate ARC.

18. Pursuant to its September 17, 2002 Final Decision, the Government purported to revoke its acceptance of the M-3 Contract and default terminate ARC.

**E. The Litigation**

19. Following the default terminations, ARC noted its appeals of the M-2 and M-3 Final Decisions in ASBCA Nos. 53723 and 54038, respectively.

20. ARC and the Government litigated the propriety of the default terminations on both the M-2 and M-3 Contracts from November 30, 2004 to December 17, 2004 before ASBCA Judge Elizabeth A. Tunks.

21. Judge Tunks has not yet issued a ruling on the propriety of the default terminations, and the cases are still pending.

## V. CONTRACTING OFFICER'S DECEMBER 1, 2005 FINAL DECISION AND ARC'S CURRENT APPEAL

**A The December 1, 2005 Final Decision is Premature**

22. The Government's Final Decision, dated December 1, 2005, purports to assess damages in the form of re-procurement costs prior to any determination of liability.

23. In order for ARC to be liable for any damages, the default terminations must be ruled proper.

24. If the default terminations are found to be improper, ARC would not be liable for any re-procurement damages.

25. The Government's assessment of damages prior to a determination of liability is premature and improper.

**B. The Government's Assessment of Damages is Excessive**

26. The Government's assessment of $25,773,662.17 in alleged re-procurement costs far exceeds amounts permitted by law.

27. Prior to entering into the M-2 and M-3 Contracts, ARC suggested certain changes in the specifications and construction methods in order to improve the final product.

28. The Government rejected ARC's suggested changes because the changes would have caused a price increase in the M-2 and M-3 Contracts.

29. The alleged repair work contained in the Final Decision assessment of damages includes the ARC suggested changes that the Government previously rejected.

30. Upon information and belief, the alleged Government repair work contains numerous instances of work significantly beyond what was required by the M-2 and M-3 Contracts.

31. The Government's proposed damages are also unnecessary and excessive.

32. The "accepted" units are suitable for their intended purpose, as Air Force families have, upon information and belief, occupied the housing units for over seven years.

33. The Government's assessment is also excessive because it contains $22,691,613.13 in estimated amounts not yet expended.

34. The Government may not assess amounts it has not yet expended.

**Count I – (Breach of Contract)**

35. Paragraph Nos. 1 - 34 are hereby incorporated as if fully set forth herein.

36. The Government materially breached the Contracts and violated the Contract Disputes Act by issuing its premature Final Decision, and seeking excessive damages, which are substantially beyond what the Government actually expended, and far exceed what the Government is entitled to.

37. As a direct and proximate result of the Government's premature Final Decision, and seeking of excessive damages, which are substantially beyond what the Government actually expended, ARC would be damaged if the Final Decision were sustained.

38. ARC hereby appeals the December 1, 2005 Final Decision, and asks that the Government be awarded no relief.

**Count II – (Declaratory Judgment)**

39. Paragraph Nos. 1 - 38 are hereby incorporated as if fully set forth herein.

40. The controversy is ripe and justiciable, as the Government directly assessed the disputed damages against ARC.

41. A declaration of the parties' rights with respect to the Government's Final Decision, and the Government's assessment of excessive damages will resolve the controversy.

42. ARC has suffered actual harm and will continue to suffer harm if there is not a declaration of the parties' respective rights. ARC has incurred expenditures, has been assessed damages, and will continue to be assessed damages prior to a finding of liability.

43. Pursuant to 28 U.S.C. § 1491(a); 28 U.S.C. § 1507; and Rule 57 of the RUSCC, Plaintiff prays for declaratory relief as follows:

(a) That the damages contained in the Final Decision are excessive and any amounts expended for work not contained in the Contracts be stricken.

(b) That the damages contained in the Final Decision are excessive and any amounts must be limited to amounts the Government actually spent.

(c) That the damages contained in the Final Decision are excessive because the housing units are fit, and are being utilized, for their intended purpose.

WHEREFORE, premises considered, the Plaintiff prays:

(a) that Summons issue against the Government requiring it to Answer;

(b) that Plaintiff has a judgment against the Government for costs and attorneys' fees associated with this action, as appropriate;

(c) that the Government take nothing on its Final Decision, and

(d) that an order issue declaring:

1. That the damages contained in the Final Decision are excessive and any amounts expended for work not contained in the Contracts be stricken.

2. That the damages contained in the Final Decision are excessive and any amounts expended in excess of the amounts actually incurred by the Government be stricken.

3. That the damages contained in the Final Decision are excessive because the housing units are fit and are being utilized for their intended purpose.

Dated: June 29, 2007

*/s Edward J. Parrott*
Robert G. Watt, Esquire
Edward J. Parrott, Esquire
Watt, Tieder, Hoffar &
Fitzgerald, L.L.P.
8405 Greensboro Dr., Ste. 100
McLean, Virginia 22102
Phone: (703) 749-1000
Fax: (703) 749-8029